UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID PATTERSON                          CIVIL ACTION

VERSUS                                   NO: 12-1397

N. BURL CAIN                             SECTION: "J"(2)

## ORDER & REASONS

Before the Court is an *Application for Rule 60(B)* **(Rec. Doc. 6)** and *Motion for Relief from Judgment, Motion to Recall Mandate, Application for Rule 60(B)* **(Rec. Doc. 7)** filed by Petitioner David Patterson, an opposition thereto (Rec. Doc. 22) filed by Respondent N. Burl Cain, and Patterson's reply (Rec. Doc. 24). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be construed in part as a motion for authorization for the District Court to consider the claims raised therein and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

## FACTS AND PROCEDURAL BACKGROUND

On January 12, 1984, Patterson was convicted of second degree murder and was sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence. The Louisiana Fifth Circuit Court of Appeal affirmed the conviction and sentence, *State v. Patterson*, 464 So. 2d 811, 812-13 (La. App. 5 Cir. 1985), and the Louisiana Supreme Court denied writs on October 16, 1987, *State ex. rel. Patterson v. Blackburn*, 513 So. 2d 815 (La. 1987).

Thereafter, Patterson filed numerous applications for post-conviction relief in state court; all of which were denied.

In 2007, allegations came to light casting doubt on the validity of certain state habeas procedures followed by the Louisiana Fifth Circuit Court of Appeal. Specifically, a suicide note from the former Central Staff Director of the Louisiana Fifth Circuit Court of Appeal alleged that the court had implemented a policy to circumvent Louisiana's constitutional requirement of three judge panels with respect to pro se prisoner post-conviction writs by having such filings submitted to one judge or a staff member who would issue a ruling concerning the writ application without review by a three judge panel. In response to allegations that these practices violated the rights of prisoners who brought claims while the policy was being implemented, the Louisiana Fifth Circuit Court of Appeal adopted an en banc resolution where it asked the Louisiana Supreme Court to consider remanding the cases affected by the policy with direction that they be assigned to random three judge panels. *See State v. Cordero*, 993 So. 2d 203, 206 (La. 2008). In its decision, on a writ application filed by a prisoner affected by the alleged constitutional violations of the Louisiana Fifth Circuit Court of Appeal, the Louisiana Supreme Court adopted the court of appeal's resolution. *Id*. at 205. On June 16, 2011, the Louisiana Fifth Circuit Court of Appeal reconsidered all six of Patterson's pro se post-conviction writs

2

filed between February 8, 1994, and May 21, 2007, the time at which the defective practices were in effect. The Louisiana Fifth Circuit determined that it could find no errors and maintained its original rulings. *See State v. Patterson*, No. 08-1096 (La. App. 5 Cir. June 16, 2011) (unpublished writ disposition). On April 13, 2012, the Louisiana Supreme Court denied relief. *State ex rel. Patterson v. State*, 85 So. 3d 1239 (La. 2012).

Patterson has filed numerous applications for federal post-conviction relief from 1989 to 2012.[1] Patterson now seeks relief from the Order of this Court dated June 22, 2012. On May 31, 2012, Patterson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Rec. Doc. 1.) After determining that the petition constituted a second or successive petition within the meaning of 28 U.S.C. § 2244, the Court construed the petition as a motion for authorization for the Court to consider the second or successive petition and transferred it to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631 for a determination. The Fifth Circuit subsequently denied authorization to file a successive habeas petition. Thereafter, on May 13, 2015, Patterson filed the instant *Application for Rule 60(b)* **(Rec. Doc. 6)** and *Motion for Relief from Judgment, Motion to Recall Mandate, Application for Rule 60(B)* **(Rec. Doc. 7)**.

---

[1] For a summary of Patterson's past federal habeas petitions, see the June 22, 2012, Order. (Rec. Doc. 2.)

## PARTIES' ARGUMENTS

Patterson argues that the Court should reopen his post-conviction relief pursuant to Rule 60(b)(5), (6). First, Patterson argues that his motion should be granted pursuant to Rule 60(b)(5) because his previous petitions for habeas corpus were denied based on judgments that have since been reversed and vacated. (Rec. Doc. 24, at 2.) Specifically, Patterson argues that the Louisiana Fifth Circuit Court of Appeal instituted a policy to circumvent Louisiana's constitutional requirement of three judge panels adjudicating pro se prisoner post-conviction writs by having such filings submitted to one judge or a staff member who would issue a ruling in lieu of the required three judge panel. Patterson asserts that although he has filed several federal habeas applications, all were denied based upon the defective state court practices. Accordingly, Patterson argues that his petition constitutes a challenge to a defect in the process of his prior petitions rather than a challenge of the merits of those petitions.

Patterson further argues that he should be granted relief because the aforementioned practices by the Louisiana Fifth Circuit Court of Appeal constitute "extraordinary circumstances" as defined by Rule 60(b)(6). *Id.* Patterson contends that his constitutional right of due process was violated by the court's defective practices and by the denial of his request to file a second or successive habeas petition by this Court and the United

4

States Fifth Circuit Court of Appeals. *Id.* Moreover, Patterson argues that he is in fact entitled to relief under Rule 60(b)(5) because his prior judgments were based upon earlier judgments that have been reversed or vacated. *Id.* at 8. Specifically, Patterson requests that this Court reconsider the Louisiana Fifth Circuit Court of Appeal's decision whereby it found no errors in any of Patterson's prior denials of post-conviction relief. Lastly, because Rule 60(b)(5), (6) motions need not be filed within any particular time period, Patterson contends that his motion is timely although filed more than two years after the Fifth Circuit's denial for authorization to file a successive habeas petition.

Conversely, Respondent contends that the instant motion should be denied because it is a second or successive habeas petition. (Rec. Doc. 22 at 10.) Respondent asserts that pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must obtain an order from the appropriate court of appeals before filing a second or successive application in district court. Thus, Respondent argues, Patterson's application should be denied because he has not obtained the requisite authorization. Respondent also asserts that the instant motion should be denied because it was not filed within a reasonable time period. *Id.* at 9. Respondent maintains that Patterson filed the instant motion more than twenty-five years after his first habeas petition was denied on the merits and more than two years after the Fifth Circuit's denial for authorization

5

to file a successful habeas petition. *Id.* Lastly, Respondent contends that Patterson is not entitled to relief under Rule 60(b) because the judgments complained of have not been ruled "null and void" as he claims. *Id.* at 12. Rather, all six of Patterson's post-conviction writs filed before May 21, 2007, were reviewed by the Louisiana Fifth Circuit Court of Appeal. The Louisiana Fifth Circuit Court of Appeal concluded that there were no errors and maintained the original rulings. Therefore, Respondent contends that although Patterson complains that he has been affected by deceptive practices, those practices have been remedied by the Louisiana Fifth Circuit Court of Appeal's review.

**DISCUSSION**

A district court has jurisdiction to consider a Federal Rule of Civil Procedure Rule 60(b) motion in a habeas proceeding pursuant to § 2254 unless the motion constitutes a successive § 2254 motion. *See United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531-36 (2005) (discussing when a district court has jurisdiction to consider Rule 60(b) motions filed in habeas proceedings); *Holley v. Terrell*, No. 10-1787, 2013 WL 2243835, at *2 (E.D. La. May 21, 2013) (explaining district courts' jurisdictional limitations in considering Rule 60(b) motions in habeas proceedings).

"A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second request in the federal court to overturn his

conviction." *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010). A court will construe a Rule 60(b) motion as a successive § 2254 motion if it advances one or more substantive claims. *Hernandes*, 708 F.3d at 681. If, however, the Rule 60(b) motion attacks a procedural defect in the court's handling of the previous § 2254 motion, then the court may consider the motion. *Id.*

Here, Patterson attempts to seek reconsideration by this Court of all of its decisions in relation to his several habeas petitions over the years. (Rec. Doc. 6, at 5). The Court notes, however, that it considered Patterson's initial petition and denied it on the merits, *Patterson v. Butler*, No. 89-3100 (E.D. La. Oct. 12, 1989), before denying or dismissing the subsequent petitions as abusive or successive. Petitioner cannot claim that the Court's determination on the merits of the initial federal habeas petition was tainted by procedurally defective underlying state habeas decisions because the alleged improper procedures in the Louisiana Fifth Circuit Court of Appeal did not commence until 1994. *See Cordero*, 993 So. 2d at 204. Moreover, the Louisiana Fifth Circuit reconsidered all of Patterson's post-convictions writs filed before May 21, 2007, and maintained the original rulings.

Furthermore, Patterson's petition seeks relief from the Order of this Court dated June 22, 2012. After determining that Patterson's previous petition constituted a second or successive petition within the meaning of 28 U.S.C. § 2244, the Court

7

construed the petition as a motion for authorization for the Court to consider the second or successive petition and transferred it to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631 for a determination. Again, there is nothing for this Court to reconsider; the Court lacked jurisdiction to consider Patterson's previous petition. To the extent that Patterson seeks reconsideration of the Fifth Circuit's denial of his motion to pursue the successive habeas petition, he must do so with the Fifth Circuit. "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, Patterson's instant motion qualifies as a second or successive application that has not been authorized by the Fifth Circuit.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Application for Rule 60(B)* **(Rec. Doc. 6)** and *Motion for Relief from Judgment, Motion to Recall Mandate, Application for Rule 60(B)* **(Rec. Doc. 7)** be construed in part as a motion for authorization for the District Court to consider the claims raised therein.

**IT IS FURTHER ORDERED** that Petitioner's motions be and hereby are **TRANSFERRED** to the United States Court of Appeals for the Fifth

8

Circuit under the authority of 28 U.S.C. § 1631 for determination of whether Petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 12th day of February, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE